UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Freeman, # 260311, | ) C/A No. 4:11-cv-243-RBH-TER </br> ) |
| Petitioner, | ) </br> ) |
| vs. | ) Report and Recommendation </br> ) |
| Warden, Evans Correctional Institution, | ) </br> ) |
| Respondent. | ) </br> ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a state prison inmate complaining about the manner of execution of his sentence. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Petitioner is incarcerated at Evans Correctional Institution, serving a five-year sentence for a criminal conviction entered in McCormick County, South Carolina in 2009.

In the Petition submitted in this case, Petitioner complains that he has not been given the correct amount of sentence credits toward his South Carolina Department of Corrections (SCDC) sentence that he should have been granted. He claims that he is entitled to an additional 155 days of prison sentence credits for the time he spent in county jail pending, during, and after the proceedings on his guilty plea, and claims that he told several SCDC officials and/or employees about the problem with his sentence credits. However, petitioner was specifically provided with a blank § 2241 petition form containing specific questions on it about his efforts to exhaust his state

remedies for his sentencing claim. (ECF No. 11),[1] Petitioner left those questions on the form blank. (ECF No. 1, attachment 4, question 13). Furthermore, when specifically asked on the form whether or not he previously presented his stated ground for habeas

relief "in a prior court action or administrative proceeding," he responded "no." (*Id.*, question 15(a)) In fact, he checked "no" in answer to every question asking whether or not he raised his grounds for relief in any other court or administrative setting. (*Id.*, questions 15 (b), (c)). He asks this Court for damages (which he has already been told he is not entitled to in a habeas action, *see* ECF No. 11, Ord. 1n. 1) and for an award of an additional 155 days of credit toward his sentence. Finally, Petitioner requests a "max-out date" of September 1, 2011, instead of his currently set date of March 1, 2012.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by

---

[1] Petitioner was specifically directed to "answer all questions on the form as clearly and to the fullest extent possible. Petitioner [is directed] to pay particular attention to and fully and truthfully respond to the questions regarding exhaustion of his state remedies." (ECF No. 11).

a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

With respect to the manner of execution of his criminal sentence, Petitioner's most appropriate federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241, which can be sought only after Petitioner has exhausted his state administrative and court remedies. *See Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); *Moore v. De Young*, 515 F.2d 437, 442-443 (3d Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). Petitioner's claims should be dismissed because he has failed to exhaust his state administrative remedies or his state court remedies as required by 42 U.S.C. § 1997e and 28 U.S.C. § 2241 before filing this habeas case. [2]

---

[2] Petitioner's state court recourse for his claim that his sentence has been miscalculated is now governed by the South Carolina Supreme Court's decision in *Al-Shabazz v. State*, 527 S.E.2d 742 (S.C. 2000). The *Al-Shabazz* decision determined that an inmate claim which does not challenge the validity of a state court conviction or sentence must proceed through the process set out in the South Carolina Administrative Procedures Act (SCAPA), S.C. Code Ann. §§ 1-23-310 through 1-23-400, because, according to the *Al-Shabazz* court, requiring review through the SCAPA would provide an "orderly and consistent framework for resolving such matters ... [which] typically arise in two ways: ... (2) when an inmate believes prison officials have erroneously calculated his sentence[.]" *Al-Shabazz*, 527 S.E.2d at 750. Thus, before Petitioner may proceed with his sentence miscalculation habeas corpus claim in this Court, he must *first* exhaust his state *administrative* remedies available through the SCDC grievance process (Steps 1 and 2), and *then* he must fully exhaust his state *court* remedies as provided through the SCAPA.

Since it is clear from his responses or lack thereof to relevant questions on the complaint form initially used and the petition form that he was directed to complete that Petitioner did not even begin the SCDC administrative remedy process before filing this case, the grounds to relief raised in the Petition have not been considered and addressed by any administrative or court tribunals of the State of South Carolina. Because he must give the state the first full opportunity to correct his prison sentence and he has not yet done so, the Petition filed in this case should be summarily dismissed .

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent.

Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

April 1, 2011  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).