IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Freeman, #260311, ) | |
| ) | C/A No. 4:11-cv-243-RBH |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Warden, Evans Correctional Institution, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2241 alleging that the Department of Corrections has miscalculated his sentence. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter comes before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, filed April 1, 2011.

Based on his review of the record, the Magistrate Judge concludes that the action should be dismissed without prejudice and without issuance and service of process on the basis that the petitioner has not exhausted his administrative remedies. The petitioner filed objections on April 8, 2011.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

Exhaustion of Administrative Remedies

The allegations of the plaintiff's complaint relate to the computation of his sentence and

are thus cognizable under 28 U.S.C. § 2241. This remedy can be sought only after Petitioner has exhausted his state court remedies. *See Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 490-91 (1973) and 28 U.S.C. § 1997e.[1] In order to exhaust his state remedies in a habeas case attacking the execution of his sentence, a petitioner must follow the procedure set out in *Al-Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000). First, he must exhaust his administrative remedies available through the SCDC grievance process, and then he must fully exhaust his state court remedies as provided in the South Carolina Administrative Procedures Act (SCAPA), S.C. Code Ann. § 1-23-310 through 1-23-400 (1976), as amended.

In the case at bar, the petitioner failed to provide the Magistrate with any information regarding whether he had raised his grounds for relief in any other court or administrative setting. *See* R&R, pp.1-2. However, he has filed objections to the Report in which he states that he filed a grievance in September of 2010 and that he has "never heard anything back from it." (Objections, p.1). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Nevertheless, the petitioner does not allege that he has appealed to the Administrative Law Court or that he has appealed any adverse ruling by that court to the South Carolina Court of Appeals. *See* S.C. Code Ann. § 9-21-70 (as amended by Act No. 387 of 2006). Therefore, grave questions are presented as to whether Petitioner has exhausted his administrative remedies. However, in an abundance of caution and under the circumstances of this case as alleged by the *pro se* petitioner, the Court finds that dismissal without service of process is not warranted.

Therefore, the case is re-committed to the Magistrate Judge to have the case served and for other appropriate proceedings. The Court respectfully rejects the Report and Recommendation and re-

---

[1] 42 U.S.C. Section 1997e provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (emphasis added). Petitioner's sentence miscalculation claim is before the Court under "federal law" (a petition for writ of habeas corpus). Therefore, Section 1997e's exhaustion requirement applies.

commits it to the Magistrate for further proceedings.

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

May 2, 2011
Florence, South Carolina