UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JAMES FREEMAN, | ) | C/A No. 4:11-243-RBH-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| WARDEN, EVANS CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The Petitioner, James Freeman ("Petitioner"), appearing pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on February 2, 2011. (Doc. # 1.) The Respondent filed a motion for summary judgment along with supporting memorandum and exhibits. (Doc. # 13.) The undersigned issued an order filed June 29, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the Petitioner of the motion and the possible consequences if he failed to respond adequately. (Doc. # 37.) The Petitioner filed a response in opposition to the Respondent's motion on July 28, 2011. (Doc.# 40.).

## I. PROCEDURAL HISTORY

On September 3, 2009, Judge William Keesley ordered that Petitioner's probationary sentence on indictment number 2008-GS-35-274 for assault of a high and aggravated nature be

---

[1]This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

revoked in full. On this sentence, Judge Keesley ordered that Petitioner be required to serve five years' incarceration, with credit for 155 days Petitioner previously served on the suspended sentence. (Respondent's Exhibit 1, Probation Revocation order).

On the same day, Judge Keesley sentenced Petitioner to five years incarceration on a different indictment for assault of a high and aggravated nature, indictment 2009-GS-35-264. Judge Keesley ordered that the sentence on this indictment be served concurrently with Petitioner's probation revocation sentence. Further, Judge Keesley specifically directed that Petitioner be given credit for time served from August 30, 2009. (Respondent's Exhibit #2, Sentencing Sheet).

## II. PETITIONER'S GROUNDS FOR RELIEF

Petitioner complains that he has not been given the correct amount of sentence credits toward his South Carolina Department of Corrections (SCDC) sentence that he should have been granted. He claims that he is entitled to an additional 155 days of prison sentence credits for the time he spent in county jail pending, during, and after the proceedings on his guilty plea, and claims that he told several SCDC officials and/or employees about the problem with his sentence credits. Specifically, Petitioner asserts in Ground One as follows:

> On Sept. 3rd 2009 I was sentence to 5-years by presiding Judge Mr. William and given 155 days jail credit for the time that I s[p]ent in jail. Judge William P. Keesley order for SCDC to give me my jail credit which they still refuse to add on to my sentence.

(Petition).

Respondent argues that the Department of Corrections has interpreted Petitioner's sentences such that Petitioner is being given credit for 155 days of prior service time on his probation revocation sentence. Additionally, Respondent asserts Petitioner has received four days' jail time

2

credit toward completion of his probation revocation sentence based on his detention in McCormick County on August 30, 3009. Respondent asserts that, in contrast, on Petitioner's five-year sentence on indictment 2009 GS-35-264, Petitioner is being given jail time credit beginning August 30, 2009. (Respondent's Exhibit #3, Affidavit of Michael Stobbe; Exhibit 4, Jail Time Report).

### III.  STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e);

Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with  . . .  affidavits, if any."  Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV.  ANALYSIS

Respondent argues that the petition should be dismissed because Petitioner has failed to exhaust his administrative remedies before filing this action. Respondent contends Petitioner filed an inmate grievance challenging the calculation of his sentence, but Respondent has not yet issued

4

a final decision in response to the grievance. Following the response, Respondent argues that Petitioner can seek judicial review in the Administrative Law Court.

The allegations of the Petitioner's complaint relate to the computation of his sentence and are thus cognizable under 28 U.S.C. § 2241. Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under Section 2241. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); Timms v. Johns, 627 F.3d 525 (4th Cir.2010)(holding that a prisoner must exhaust his administrative remedies prior to pursuing habeas corpus relief pursuant to 28 U.S.C. § 2241). Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). In order to exhaust his state remedies attacking the execution of his sentence, Petitioner must follow the procedure set out in Al- Shabazz v. State of South Carolina, 338 S.C. 354, 527 S.E.2d 742, 750 (S.C.2000); see also Slezak v. S.C. Dep't of Corr., 361 S.C. 327, 605 S.E.2d 506, 507 (S.C.2004). Generally, a state prisoner's sentence calculation claim will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly being raised through the prison grievance process with appeal to the South Carolina Administrative Law Court, rather than through a post-conviction relief ("PCR") application filed in circuit court. See Al- Shabazz, 338 S.C. 354, 527 S.E.2d 742. Pursuant to the South Carolina Administrative Procedures Act ("SCAPA") and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the Administrative Law Court may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. S.C.Code

Ann. § 1-23-610; Rule 242, SCACR. Therefore, Petitioner must exhaust his administrative remedies available through the SCDC grievance process, and then he must fully exhaust his state court remedies as provided in the SCAPA before he brings his petition for federal habeas review.

Respondent attached a copy of the Inmate Grievance Forms for both Step 1 and Step 2 which Petitioner had submitted. (Doc. # 36-6). Respondent asserts that Petitioner filed his Step 2 Grievance form on November 24, 2010, and, as of the date of their memorandum, the grievance remains pending. Respondent asserts a final decision in response to the grievance has not been issued, and further, Petitioner can seek judicial review in the Administrative Law Court if he is not satisfied with the Respondent's final decision. In Petitioner's response to the motion for summary judgment, Petitioner did not address the exhaustion issue and has not submitted any evidence to show that he has received a final decision or appealed to the Administrative Law Court.

Based on the foregoing, the court finds that Petitioner did not fully and properly exhaust his state court remedies with regard to his claim that his sentence has been miscalculated by the SCDC. See Coleman, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Matthews, 105 F.3d at 911 ("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.").[2] Thus, before Petitioner may proceed with his sentence miscalculation claim for review in this Court, he must first exhaust his state administrative remedies available through the SCDC

---

[2] Even if a habeas petition under 28 U.S.C. § 2254 were the proper vehicle through which to raise a sentence calculation claim, the petition would be dismissed for failure to exhaust as Petitioner has not obtained a final order from the highest court with jurisdiction to decide it. See Tippett v. McCall, 2011 WL 826293 (D.S.C. March 1, 2011), appeal dismissed, 2011 WL 2160951 ( 4th Cir. June 1, 2011).

grievance process (Steps 1 and 2), and then he must fully exhaust his state court remedies as provided through the SCAPA. Therefore, this case should be dismissed.

## V. CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (docket entry #36) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus should be denied, and the petition dismissed with prejudice and without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 6, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**